IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

RALPH EDWARD MOORE,
TDCJ-CID No. 01042302

    Plaintiff,

v.                                        2:20-CV-055-Z-BR

JEFFERY HALL, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT WITHOUT PREJUDICE TO PAYMENT
## OF THE BALANCE OF THE FILING FEE OR A NEW APPLICATION

At the time this action was filed, Plaintiff was a prisoner confined at the Allred Unit located in Iowa Park, Texas. However, Plaintiff has notified the Court of a change of address to a private address in Houston, Texas. ECF No. 16.

Plaintiff was ordered to pay an initial partial filing fee and was notified he would be responsible for the remainder of the full $350.00 filing fee. ECF No. 12 at 1–2. While incarcerated, Plaintiff paid — from his inmate trust account — the initial partial filing fee of $16.834 on December 14, 2021. On January 12, 2022, one $20.00 payment was made before Plaintiff was released from custody. Plaintiff remains responsible for payment of the balance of the $350.00 filing fee — $313.17. Since Plaintiff has been released from prison, his ability to proceed *in forma pauperis* is now governed by 28 U.S.C. § 1915(a)(1).

Fed. R. Civ. P. 41(b) authorizes the district court to dismiss an action for failure to prosecute or for failure to comply with any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th

Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (*citing Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)).

As of this date, Plaintiff has neither paid the balance of the filing fee ($313.17) nor applied to proceed *in forma pauperis* following his release despite being out of custody for approximately one year. Accordingly, Plaintiff has failed to diligently prosecute this case. Therefore, this case should be dismissed for want of prosecution pursuant to Fed. R. Civ. P. 41(b). However, if Plaintiff moves to reopen this case **within thirty (30) days of this Order**, along with either the full remaining balance of the filing fee *or* a properly completed and accurate post-release *in forma pauperis* application, the Court will reopen these proceedings.

## CONCLUSION

The Amended Complaint is **DISMISSED without prejudice** to reopening upon payment of the remaining balance of the filing fee or a renewal by Plaintiff of a Motion to Proceed *In Forma Pauperis* with all current income and assets accounted for in the application.

**SO ORDERED.**

March 21, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE